Stephen C. Woodruff
Attorney and Counselor at Law
2nd Floor, Marg's Kitchen
Chalan Hagoy, Susupe, Saipan
P. O. Box 500770, Saipan, MP  96950
Tel.:   (670) 235-3872
Fax:   (670) 235-3873

Attorney for Plaintiff
Rogelio R. Cada

F I L E D
Clerk
District Court

SEP - 5 2012

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROGELIO R. CADA, | Civil Action No. 12-_____  CV 12-0023 |
| Plaintiff, | |
| -v- | COMPLAINT |
| HANWHA RESORT & HOTEL *dba* SAIPAN WORLD RESORT, JONG TAE PARK, MIRRIAM K. SEMAN, HA SEUNG WOO, JUN HAM, and SATURNINO BANTING, | |
| Defendants. | |

## I
## NATURE OF THE ACTION

1.    This is an action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2003-17 and under the Age Discrimination in Employment Act (ADEA), §§ 621, et. seq. for Defendants' unlawful, discriminatory and retaliatory employment practices towards Plaintiff in violation of Plaintiff's

federally-protected rights, and for actions in tort and contract under applicable Commonwealth of the Northern Mariana Islands (CNMI) law.

2.    Plaintiff complains about employment discrimination based on age and other impermissible grounds described in this Complaint, including, but not limited to: (a) discriminatory policies, practices, and/or procedures in firing, layoffs, compensation, benefits, discipline, job assignments and employment benefits; (b) unlawful retaliatory actions; (c) constructive discharge; (d) hostile work environment; (e) breach of contract; and (f) breach of implied covenant of good faith and fair dealing.

3.    This is also an action under the whistleblower provisions of Section 11(c) the Occupational Safety and Health Act, 29 U.S.C. § 660(c) against Defendants for unlawful retaliatory practices against Plaintiff.

4.    Plaintiff is seeking declaratory relief, punitive, expectation, incidental, and consequential damages, costs, and attorney's fees to redress Defendants' unlawful discriminatory and retaliatory employment policies, practices, and/or procedures and related Commonwealth-law claims.

## II
## JURISDICTION AND VENUE

5.    Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.*, as amended (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et. seq.*, as amended, apply to this matter through the

Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, § 502(a)(2).

6.     This Court has jurisdiction over Plaintiff's Title VII and ADEA claims pursuant to 28 U.S.C. § 1331(a) (federal question jurisdiction), and 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

7.     This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-5(f)(1) and (3)) and Section 626 of the ADEA (29 U.S.C. § 626(e)).

8.     This Court has jurisdiction over Plaintiff's non-Title VII and non-ADEA claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

9.     The employment practices alleged herein to be unlawful, discriminatory, and retaliatory were committed in Saipan, Commonwealth of the Northern Mariana Islands.  Consequently, venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

### III
### PROCEDURAL REQUIREMENTS

10.     On or about October 18, 2011, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Saipan, Commonwealth of the Northern Mariana Islands.  The charge was filed within one hundred eighty (180) days after the occurrence of one or more of the unlawful

employment practices alleged herein pursuant to 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C. § 626(d)(1).

11.   On or about June 6, 2012, the EEOC issued to Plaintiff a Notice of Right to Sue. Plaintiff is filing this complaint within ninety (90) days after the date on which he received the Notice of Right to Sue in compliance with 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(e).   Attached as **Exhibit "1"** and incorporated by reference is a copy of the Notice of Right to Sue dated June 6, 2012.

12.   Consequently, all jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiff has exhausted his administrative remedies as required by law.

## IV
## PARTIES

13.   Plaintiff **ROGELIO R. CADA** is a citizen of the Republic of the Philippines who resides, and at all relevant times, resided in Saipan, Commonwealth of the Northern Mariana Islands (CNMI).   Plaintiff, at all relevant times, was an employee of Defendant, within the meaning of 42 U.S.C. § 2000.e(f) and 29 U.S.C. § 630(f).

14.   Plaintiff, at all relevant times, was an individual of at least 40 years of age and is an employee covered by ADEA within the meaning of 29 U.S.C. § 631.

15.   Defendant **HANWHA RESORT & HOTEL** *dba* **SAIPAN WORLD RESORT** ("WORLD RESORT), on information and belief, is, and all relevant times, was a corporation organized and existing under the laws of the CNMI

having its principal place of business on Saipan, CNMI, and was an employer of Plaintiff as defined under 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(b).

16.    Defendant **JONG TAE PARK** (PARK) is, and at all relevant times, was the general manager of Defendant WORLD RESORT.

17.    Defendant **MIRRIAM K. SEMAN** (SEMAN) is, and at all relevant times, was the human resources manager of Defendant WORLD RESORT.

18.    Defendant **HA SEUNG WOO** (WOO) is, and at all relevant times, was the maintenance manager of Defendant WORLD RESORT.

19.    Defendant **MICHAEL KIM** (KIM) is, and at all relevant times, was the operations manager of Defendant WORLD RESORT.

20.    Defendant **JUN HAM** (HAM) is, and at all relevant times, was a manager of Defendant WORLD RESORT.

21.    Defendant **SATURNINO BANTING** (BANTING) is, and at all relevant times, was the maintenance supervisor of Defendant WORLD RESORT.

22.    At all relevant times, Defendants PARK, SEMAN, WOO, KIM, NAM, and BANTING are managers and agents of WORLD RESORT acting within the course and scope of that relationship in the decision making and responsibility for, and establishment of practices or policies for WORLD RESORT which resulted in the unlawful discriminatory and retaliatory employment practices alleged herein.

# V
## STATEMENT OF FACTS

23.    Plaintiff, at all relevant times, was a 77-years old Filipino foreign national worker who was originally employed by WORLD RESORT as a construction superintendent beginning sometime in November, 2003, and remained so employed until his discharge on October 28, 2011.

24.    On April 15, 2004, WORLD RESORT appointed Plaintiff to be its Safety and Health Officer and specifically tasked Plaintiff to be "responsible for strictly implementing the Safety and Health Program" administered by the Occupational Safety and Health Administration (OSHA).

25.    At all relevant times, Plaintiff performed all duties assigned to him in a professionally competent manner, faithfully followed all reasonable instructions given to him by his managers and supervisors, and abided by all the rules and regulations of WORLD RESORT.

26.    On October 15, 2010, as part of his responsibilities as Safety and Health Officer of WORLD RESORT, Plaintiff wrote a letter to CNMI-OSHA Consultation Program Director, Mr. Ray Guererro, requesting OSHA to revisit and inspect WORLD RESORT's safety and health program to ensure that that it conforms with OSHA standards and make it more specific and applicable to its present business operations and acceptable to OSHA Compliance Officers.

27.    When Plaintiff made the request to OSHA, he, as Safety and Health Officer, has some issues and concerns as to whether the safety and health program of WORLD RESORT is in compliance with OSHA safety and health standard.

28.    Plaintiff made sure that the managers of WORLD RESORT were aware of his request to OSHA by providing copies of his letter to OSHA the following managers: Jong Tae Park (General Manager); Michael Kim (Operations Manager); Mirriam K. Seman (Human Resources Manager); and Woo Ha Seung (Maintenance Manager).

29.    Plaintiff has since been subjected to successive adverse employment actions by WORLD RESORT's supervisors and managers as Plaintiff was subjected to a pattern of continuing work place harassments and was given new hard work assignments that Plaintiff has not previously been asked to perform since he started working for the company and which tasks are too stressful considering his advanced age.

30.    To begin with, on or about February 21, 2011, Plaintiff received a Memorandum from Defendant SEMAN. In her Memorandum, Ms. SEMAN reprimanded Plaintiff "in regards to [Plaintiff's] letter to OSHA soliciting consultative assistance for Safety and Health Program."

31.    Ms. SEMAN issued to Plaintiff the warning because of Plaintiff's purported failure to inform the department team manager of his intention to write the OSHA.

32.   Plaintiff was surprised of Ms. SEMAN's action because Plaintiff in requesting for OSHA visit was only performing his assigned duties as Safety and Health Officer to make sure that WORLD RESORT complies with the standards required by OSHA law and regulations.   Besides, key managers and officials of WORLD RESORT were provided copies of Plaintiff's letter to OSHA.

33.   On June 2, 2011, Defendant WOO issued to Plaintiff another Memorandum "Re: Work Assignment" assigning Plaintiff to the General Repair Section in the Guest Room Maintenance.

34.   Plaintiff was tasked by Mr. WOO to do "repairing, painting, among other duties" which Plaintiff has not previously performed or previously been tasked to perform.

35.   Plaintiff approached Mr. WOO and inquired with him why Plaintiff was suddenly been given hard work assignments, while at the same time complaining that those work assignments are not appropriate to his advanced age.

36.   Plaintiff requested Mr. WOO for a reasonable accommodations on account of his advanced age, by requesting Mr. WOO that he be not assigned to those hard jobs that are more appropriate to younger workers and that he be given alternative work assignments that suitable to Plaintiff's age.

37.   Mr. WOO, however, refused and insisted that Plaintiff performs whatever duties that he would be assigned to perform.

38.     On June 9, 2011, Defendant BANTING issued to Plaintiff another Memorandum "Re: Warning Insubordination."  Mr. BANTING accused Plaintiff of refusing to follow his order to assist one of the company's painters.

39.     There is no truth to Mr. BANTING's accusation because Plaintiff assisted the company painters.     Nonetheless, Plaintiff politely requested Mr. BANTING that he be given reasonable work accommodations by giving him lighter work assignments because of his age because Plaintiff find it extreme difficult to perform those new work assignments due to his advanced age.

40.     At that time, Plaintiff was aware that there are other younger workers who are available to perform those tasks being re-assigned and transferred to him.

41.     Mr. BANTING, like Mr, Woo, insisted that Plaintiff performs whatever duties assigned to him.

42.     On June 9, 2011, Plaintiff wrote a letter to the company explaining his side regarding what Mr. BANTING stated in his June 9, 2011 memorandum.

43.     In his letter, Plaintiff explained to management that "[Mr. Banting] has been assigning duties to [Plaintiff] that [Plaintiff] cannot handle, such as painting and gardening" because of his age.

44.     Plaintiff also explained to management that his contracted job has always been to be the safety officer of the company and that his daily duties consist of monitoring and protecting workers from various hazards in the hotel.

45.     Plaintiff reiterated to management that he "deserves to be treated with respect, as an elder."

46.     On June 21, 2011, Plaintiff wrote another letter to Defendant SEMAN, complaining against the continuing hostile treatment that Plaintiff is being subjected to in the hands of WORLD RESORT's managers and supervisors.

47.     Plaintiff specifically complained to Ms. SEMAN about various forms of harassments in workplace that he has been suffering, including stripping him of his former duties as safety officer and assigning him hard work assignments and the manner with which his old functions were being transferred to younger workers which made Plaintiff appear useless, incapable, helpless and miserable.

48.     Plaintiff also complained to Ms. SEMAN about his continuing assignment to hard work assignments that are not appropriate to his advanced age and the WORLD RESORT's continuous refusal to grant his reasonable requests for lighter work assignments that are appropriate to his age.

49.     On information and belief, other available lighter work assignments, including those previously being performed by Plaintiff were transferred and assigned to Plaintiff's younger co-workers.

50.     On July 1, 2011, a meeting was conducted purportedly to address the concerns Plaintiff had raised in his June 21, 2011 letter to Ms. SEMAN. The meeting was attended by Defendants PARK, WOO, SEMAN, HAM and Plaintiff.

51.    At the meeting, Plaintiff complained to the managers of WORLD RESORT present about the work harassments that he has been subjected to by WORLD RESORT's managers and supervisor and the work assignments given him that are noticeably becoming harder and harder, while at the same time, favoring Plaintiff's younger co-workers with lighter work assignments.

52.    The meeting was a fruitless endeavor.  Even after the meeting, Plaintiff was continuously subjected to work-place harassments and continuously given even harder work assignments that are not suitable to his advanced age.

53.    On September 5, 2011, Defendant SEMAN served Plaintiff with another memorandum placing him under suspension for 7 working days without pay beginning on September 7, 2011 until September 15, 2011.

54.    When Plaintiff reported back for work on September 15, 2011, another memorandum was served by Defendant BANTING giving Plaintiff new and harder work assignments that include "painting of old safety cones at the jungle stage", "painting of safety signage" and "installation of letters on the signage."

55.    Plaintiff politely reminded Mr. BANTING that those were not Plaintiff's duties, but must instead be assigned to the general repairs section of the maintenance department.

56.    On September 26, 2011, Plaintiff, as safety officer, reported at the worksite ahead of schedule so he can brief the security officers on duty about the

details of the operation and the workers about the proper use of electric operated lifter, fall protection equipments and how to maintain safety on the ground.

57.    After briefing the workers, Plaintiff left the job site, and after a very short walkthrough safety inspections in other areas of the hotel, came back to the jobsite.

58.    When he came back, Plaintiff saw Mr. BANTING talking to one of the managers who he called to report Plaintiff's brief absence at the jobsite.

59.    After a few minutes, another director came and joined the manager and Mr. BANTING in confronting Plaintiff.

60.    At one point during their conversation, Mr. BANTING, who is several years younger than Plaintiff, and in the presence of the director and manager, without any cause or provocation on Plaintiff's part, and in a malicious, willful, rude, violent, threatening and insolent manner, suddenly yelled at, menaced and intimidated Plaintiff, while shouting that Plaintiff was not following his order.

61.    At that time, Mr. BANTING, who was visibly angry at Plaintiff, was closed to attacking Plaintiff, but was just timely prevented by the two officials from attacking him.

62.    At that juncture, Plaintiff overheard the director ordering the manager present to report the incident to the Human Resources Department immediately.

63.    After the September 26, 2011 incident, Plaintiff received more memoranda from Mr. BANTING.

64.     On October 4, 2011, Plaintiff received a work assignment memorandum from Mr. BANTING, tasking Plaintiff to assist two other workers in periodic maintenance.

65.     On October 7, 2011, Mr. BANTING issued another work assignment memorandum to Plaintiff, this time assigning him to, among others, "pick-up dry leaves, cigarette butts around the water park and the hotel's surroundings."

66.     On October 12, 2011, Mr. BANTING issued another memorandum which was very rude and full of disrespect to an old man like Plaintiff. In that same memorandum, Mr. Banting gave Plaintiff a new work assignment – this time to "assist in the garbage disposal."

67.     All of the work memoranda issued by Mr. BANTING bears the signature and approval of Defendant WOO.

68.     On October 18, 2011, Plaintiff filed a discrimination complaint against Defendant with the EEOC.

69.     On October 24, 2011, upon checking his office desk at the maintenance department, Plaintiff discovered that his office desk is gone and been moved elsewhere and the computer that he was using taken.

70.     Plaintiff sought an explanation from both Defendants WOO and BANTING, but the two just ignored Plaintiff.

71.     On October 25, 2011, Defendant SEMAN called for a meeting to discuss possibilities of Plaintiff's employment being renewed.

72.   At the meeting, which was also attended by Defendant HAM, management informed Plaintiff that the company has decided to revise Plaintiff's employment contract to make him officially a "Maintenance Repairer" because they would purportedly eliminate his previous position of safety officer.

73.   As "Maintenance Repairer", Plaintiff would have been tasked to render an extremely long list of numerous new duties and responsibilities all of them involving difficult tasks which Plaintiff which were not suitable to Plaintiff's advanced age.

74.   Plaintiff believes that his new duties for the offered position of Maintenance Repairer were deliberately made numerous and difficult by the management in order to force him to voluntarily resign.

75.   Furthermore, the excuse given by Defendants were pretextual because Plaintiff is informed and believes and thereon alleges that his old functions as safety officer were just transferred to a younger employee.

76.   Plaintiff made it known to management during the October 25, 2011 meeting that it would be very difficult for him to perform that exceptionally long list of duties and responsibilities because of his age.

77.   Management told Plaintiff that the only way for Plaintiff to be able to continue his employment with WORLD RESORT is for Plaintiff to accept that long list of new duties and responsibilities and his designation as Maintenance Repairer which Plaintiff considers as a demotion.

78.   Mr. Ham warned Plaintiff that if he accepts the designation of Maintenance Repairer, he should be ready to perform that long list of new duties and responsibilities.  On the other hand, if Plaintiff refuses, Plaintiff can just simply leave the company.

79.   Plaintiff politely asked the managers present that he be provided with the minutes of the meeting.

80.   Mr. Ham refused and told Plaintiff that he can just leave the company.

81.   On October 28, 2011, Plaintiff was allowed by management to retrieve his things from the maintenance department where he used to hold office, while all the while being escorted and watched upon by Defendant SEMAN.

82.   The above unlawful discriminatory and retaliatory practices committed by WORLD RESORT deprived Plaintiff of equal employment opportunities and affected his status as an employee, first because it was in retaliation of his initiating contact with OSHA concerning safety and health standards in Plaintiff's work place, a duty required of Plaintiff by law to perform as a safety officer and also because of persistent complaining about the work assignments being given him that has increasingly becoming more and more onerous and difficult.

83.   WORLD RESORT's discriminatory and retaliatory acts also violated his federally protected rights under the Age Discrimination in Employment Act (ADEA), §§ 621, et. seq. both for its failure to extend reasonable accommodations to Plaintiff's

reasonable request for lighter work assignments on account of Plaintiff's age and its continuous delegation of Plaintiff's duties as safety officer to younger workers.

# VI
## CAUSES OF ACTION

### First Cause of Action
#### (Age Discrimination)

84.     Paragraphs 1 through 83 above are incorporated herein by reference as if fully pleaded in this First Cause of Action.

85.     The discriminatory and retaliatory acts alleged above, including, but not limited to the continuing given of difficult works assignments to Plaintiff despite his advanced age and despite the availability of younger workers to perform those tasks; the transfer of Plaintiff's previous work duties to younger workers; the continuous failure of Defendants to accommodate to Plaintiff's request for reasonable accommodation to give him lighter work duties on account of his age, constitute unlawful employment practices under 29 U.S.C. § 623(a).

86.     Defendants' discriminatory employment practices as alleged above deprived Plaintiff of equal employment opportunities or otherwise affected his status as an employee because of his age.

87.     Defendants engaged in the above-described conducts against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## Second Cause of Action
### (Constructive Discharge)

88.   Paragraphs 1 through 87 above are incorporated herein by reference as if fully pleaded in this Second Cause of Action.

89.   At all times, during his employment with WORLD RESORT, Plaintiff performed his duties with utmost diligence and competence.

90.   Plaintiff is informed and believes and thereon alleges that WORLD RESORT's decision to harass and discriminate against Plaintiff, as alleged herein was motivated by Plaintiff's age, his frequent complaining about his disparate treatment on work assignments on account of age; his persistent request for reasonable accommodation on work assignments on account of age; and his action in attempting to bring the hotel's safety and health system in compliance with OSHA standard, are but part of a pattern to create a work environment that would be very difficult for Plaintiff to bear.

91.   Furthermore, Plaintiff is informed and believes and thereon alleges that its imposition of the long list of duties for the new position of Maintenance Repairer that was offered to Plaintiff prior to his discharge in October 2011 was calculated to render it difficult for Plaintiff to accept the position of Maintenance Repairer on account of his age and thereupon for Plaintiff to voluntarily refuse to accept the new position.

92.     Plaintiff is informed and believes and thereon alleges that any other reasons offered by WORLD RESORT were and are pretextual in nature.  Defendant intentionally created the aforementioned discrimination, harassment and retaliation, and imposition of onerous duties and responsibilities thereby creating working conditions so intolerable that Plaintiff had no alternative but not to accept the offered position of Maintenance Repairer.

93.     As a direct and proximate result of the aforesaid conduct of Defendant's managers and supervisor, Plaintiff has been deprived of his right to a work environment free from discrimination, harassment, and retaliation.

94.     Defendants' discriminatory employment practices as alleged above deprived Plaintiff of equal employment opportunities or otherwise affected his status as an employee because of his age.

95.     Defendants engaged in the above-described conducts against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

96.     Furthermore, because the acts taken towards Plaintiff were carried out by managerial and supervisory employees acting in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages from each of them individually in an amount to be determined at trial.

### Third Cause of Action
### (Retaliatory Discharge)

97.    Paragraphs 1 through 96 above are incorporated herein by reference as if fully pleaded in this Third Cause of Action.

98.    Plaintiff engaged in protected activity in that he had filed an Equal Employment Opportunity Complaint against Defendant WORLD RESORT.

99.    At the time of Plaintiff's constructive discharge sometime in October 2011, Defendants were fully aware of Plaintiff's EEO Complaint.

100.    Defendant WORLD RESORT illegally retaliated against Plaintiff by continuously subjecting him to harassments and giving him new work assignments and ultimately by constructively terminating his employment, because of the protected activity which Plaintiff had engaged in.

101.    There were no legitimate non-discriminatory reasons for the actions taken by Defendants.

102.    As a result of Defendants' willful, knowing and intentional discrimination and retaliation, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress.   Plaintiff is thereby entitled to compensatory damages in an amount to be determined at trial.

103.    Furthermore, Defendants engaged in the above-described retaliatory conducts against Plaintiff with malice and in reckless disregard of Plaintiff's federally-

protected rights thereby entitling Plaintiff to punitive damages in an amount to be

determined at trial.

### Fourth Cause of Action
### (Hostile Work Environment)

104.   Paragraphs 1 through 103 above are incorporated herein by reference as

if fully pleaded in this Fourth Cause of Action.

105.   Defendant WORLD RESORT, through Defendants SEMAN, WOO,

and BANTING, persistently and intentionally carried out actions and followed

policies and/or customs which did not have no other legitimate purpose, other than

to harass Plaintiff.

106.   The acts and misconduct of Ms. Seman, Mr. Banting  and Mr. Woo

were conducted routinely and persistently without any correction or discipline from

WORLD RESORT.

107.   The hostile work environment was pervasive, demeaning and was

sufficient to change the terms of Plaintiff's employment. WORLD RESORT took no

corrective action against the misconducts of its managers and supervisors during

Plaintiff's tenure with the company.

108.   The harassments and misconducts were sufficiently severe and pervasive

to unreasonably interfere with Plaintiff's physical and emotional well-being and

created an intimidating, hostile and offensive working environment.   WORLD

RESORT took no corrective action during Plaintiff's tenure with the company.

109.   WORLD RESORT was aware of the harassments and misconducts of its managers and supervisor toward Plaintiff, the pervasive hostile work environment and acquiesced in this discriminatory unlawful misconduct.

110.   As a direct and proximate result of the harassments and hostile work environment that he endured, Plaintiff suffered great embarrassment, humiliation, mental anguish and physical harm.

111.   The above-described conducts against Plaintiff were committed willfully and malicious and in reckless disregard of Plaintiff's rights thereby entitling Plaintiff to punitive and compensatory damages in an amount to be determined at trial.

**Fifth Cause of Action**
**(Retaliation Against Whistleblower under Section 11(c) of**
**Occupational Safety and Health Act, 29 U.S.C. § 660(c))**

112.   Paragraphs 1 through 111 above are incorporated herein by reference as if fully pleaded in this Fifth Cause of Action.

113.   At the time Plaintiff made the request to OSHA on October 21, 2010 to revisit the safety and health program of WORLD RESORT, Plaintiff, as Safety and Health Officer, has some issues and concerns whether the safety and health program of WORLD RESORT was in compliance with OSHA safety and health standard as required by law.

114.   When Plaintiff made the request to OSHA, he was an employee of WORLD RESORT.

-21-

115.   At the time Plaintiff made the request to OSHA, he was engaged in protected activity in that he was both raising OSHA compliance issues with the management of WORLD RESORT and by raising compliance concerns with OSHA which might reasonably be effective at commencing enforcement proceedings.

116.   At all relevant times, Defendants knew that Plaintiff was engaged in protected activity or suspected Plaintiff of engaging in protected activity.

117.   Defendants have discriminated against Plaintiff and maintained a hostile work environment for Plaintiff on account of protected activities.   Such hostility, discriminations and retaliation includes, but is not limited to, imposing discipline on Plaintiff; subjecting Plaintiff to hostile interrogation; relieving Plaintiff of duties; close surveillance of Plaintiff; revoking Plaintiff's access to company facilities; damaging Plaintiff's reputation and future employment opportunities; and discharging Plaintiff sometime in October 2011.

118.   Defendants maintained a hostile work environment for Plaintiff and otherwise discriminated against complainant on account of protected activities.

119.   As a result of Defendants' willful, knowing and intentional discrimination and retaliation, Plaintiff has suffered loss of benefits, mental anguish, and loss of advance of opportunities and suffered pain, humiliation and emotional distress.   Plaintiff is thereby entitled to compensatory damages in an amount to be determined at trial.

120.   Furthermore, Defendants engaged in the above-described discriminatory and retaliatory conducts against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## Sixth Cause of Action
Breach of Contract

121.   Paragraphs 1 through 120 above are incorporated herein by reference as if fully pleaded in this Sixth Cause of Action.

122.   At all relevant times, WORLD RESORT represented to Plaintiff, in various writings or oral agreement, including but not limited to the, employment contract, that their employment relationship with Plaintiff would be based upon good faith, that Plaintiff would be treated fairly and equitably, that Plaintiff would be judged on the basis of individual merit and ability, that Plaintiff would not be discriminated against, and that Plaintiff would receive just compensation for his services rendered to Defendants.   These provisions and representations form part of Plaintiff's employment contract with WORLD RESORT.

123.   Prior to Plaintiff's constructive discharge, Plaintiff had performed all conditions, covenants, promises, duties, and responsibilities required of him to be performed in accordance and in conformity with her employment contract with WORLD RESORT.

124.   On the date of Plaintiff's discharge, WORLD RESORT breached Plaintiff's employment contract and wrongfully failed to judge Plaintiff on the basis of merit and ability, and wrongfully and without lawful cause terminated Plaintiff as a retaliatory action for filing an EEO complaint against WORLD RESORT.

125.   Based on WORLD RESORT's breach of contract as mentioned above, Plaintiff is entitled to expectation, incidental, and consequential damages in an amount to be determined at trial.

### Seventh Cause of Action
Breach of Implied Covenant of Good Faith and Fair Dealing

126.   Paragraphs 1 through 125 are incorporated herein by reference as if fully pleaded in this Seventh Cause of Action.

127.   The employment contract has implied in law a covenant of good faith and fair dealing by which WORLD RESORT promised to give full cooperation to Plaintiff in his performance under the employment contract and to refrain from any act that would prevent or impede Plaintiff from performing all of the conditions of the agreement.

128.   Defendants breached their implied covenant of good faith and fair dealing with Plaintiff by, among others, wrongfully terminating Plaintiff in retaliation of his filing an EEOC case and for engaging in a protected activity.

129.   As a direct and proximate result of WORLD RESORT's breach of the covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer

substantial losses in earnings and other employee benefits that he would have received had Defendants not breached the agreement, in an amount to be determined at trial.

130.   As a further proximate result of the above-mentioned acts, Plaintiff has suffered humiliation, mental pain and anguish, all to Plaintiff's damage in an amount to be proven at trial.

131.   The above-mentioned acts of Defendants were willful, wanton, malicious, and oppressive, and justify an award of punitive and exemplary damages in an amount to be determined at trial.

### Eighth Cause of Action
Intentional Infliction of Emotional Distress

132.   Paragraphs 1 through 131 above are incorporated herein by reference as if fully pleaded in this Eight Cause of Action.

133.   Defendants, in committing the above-described acts, intended to and did inflict severe emotional distress upon Plaintiff.   Defendants acted with a reckless disregard of the probability of causing emotional distress to Plaintiff.

134.   As a direct result of the outrageous acts and omissions, conduct, and discrimination, Plaintiff became physically distraught and sustained shock to his nervous system and suffered severe emotional distress, all resulting in damages to his in an amount to be proven at trial.

135.    Defendant engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests for the following relief:

    (1)    An award of punitive damages according to law and proof under the First Cause of Action;

    (2)    An award of punitive damages according to law and proof under the Second Cause of Action;

    (3)    An award of compensatory and punitive damages according to law and proof under the Third Cause of Action;

    (4)    An award of compensatory and punitive damages according to law and proof under the Fourth Cause of Action;

    (5)    An award of compensatory and punitive damages according to law and proof under the Fifth Cause of Action;

    (6)    An award of expectation, incidental and consequential damages according to law and proof under the Sixth Cause of Action;

    (7)    An award of punitive damages and lost earnings according to law and proof under the Seventh Cause of Action;

    (8)    An award of punitive damages under the Eight Cause of Action;

    (9)    Such other and further relief as this Court deems just and proper.

DATED this 4th day of September, 2012.

STEPHEN C. WOODRUFF
Attorney for Plaintiff

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Rogelio Cada**<br>**P.O. Box 7797 SVRB**<br>**Saipan, MP 96950** | From: **Honolulu Local Office**<br>**300 Ala Moana Blvd**<br>**Room 7-127**<br>**Honolulu, HI 96850** |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2012-00011 | **Raymond Griffin, Jr.,**<br>Investigator | (808) 541-3721 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Timothy A. Riera_                    6/6/12

Timothy A. Riera,                    (Date Mailed)
Director

Enclosures(s)

cc: **HANWHA RESORT & HOTEL**
**Dba Saipan World Resort**
**c/o Law Offices of Rexford C. Kosack**
**ATTN: Glenn A. Jewell, Esq.**
**P.O. Box 500410**
**Saipan, MP 96950**