

FILED
Clerk
District Court

DEC 21 2012

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROGELIO R. CADA, <br><br> Plaintiff, <br><br> v. <br><br> WORLD CORPORATION dba SAIPAN WORLD RESORT, JONG TAE PARK, MIRRIAM K. SEMAN, HA SEUNG WOO, JUN HAM, and SATURNINO BANTING, <br><br> Defendants. | CASE NO. 1:12-CV-00023 <br><br> **ORDER OF DISMISSAL WITHOUT PREJUDICE** |

On November 16, 2012, Defendants moved to dismiss this matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (*See* ECF No. 7, "Motion," and No. 8, "Memorandum.") Proof of service on Plaintiff on the same date of the Motion and Memorandum was filed on November 20, 2012. (*See* ECF No. 10.) Three days after the Motion and Memorandum were filed, the clerk noticed the Motion for a hearing on December 27, 2012.

Under the local rules, Plaintiff had until "the Thursday of the second full week after the week in which the motion was filed" to file and serve an opposition. LR 7.1.c.2. In this instance, that deadline was November 29, 2012. No opposition was filed by the deadline. As of the date of this order, no opposition has been filed. Moreover, Plaintiff has not filed a statement of no opposition within the time provided, as required by the same local rule if a party does not oppose a motion. The failure to file such a statement "may be deemed an admission that the motion is meritorious." *Id.*

Failure to follow a district court's local rules "is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). The court must weigh five factors before dismissing the action: "(1) the public's interest in expeditious resolution of litigation; (2) the

1

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The court finds that in this case, the public's interest in expeditious resolution of litigation and the court's need to manage its docket outweigh the risk of prejudice to the defendants and the public policy in favor of disposing of cases on their merits. In the past two years, Plaintiff's counsel of record frequently has missed deadlines or filed incomplete pleadings in cases before this court and the Ninth Circuit Court of Appeals. In so doing, he has caused the courts and opposing parties needlessly to expend resources on litigation that he initiated and then neglected. In this case in particular, the court previously granted Plaintiff's application to proceed without prepayment of fees, which means the taxpayer is bearing certain costs normally assumed by the aggrieved party. Under these circumstances, less drastic sanctions that would prolong the litigation at public expense are inappropriate.

WHEREFORE the court orders as follows:

(1) Defendants' Motion to Dismiss (ECF No. 7) is granted without prejudice.

(2) If Plaintiff wishes to refile his complaint, he must either (i) prepay the appropriate fees or (ii) reapply for permission to proceed without prepayment of fees. Any such reapplication must be accompanied by an affidavit of Plaintiff or Plaintiff's counsel setting forth the reasons that Plaintiff failed to file an opposition or statement of no opposition to Defendants' Motion to Dismiss.

(3) The hearing set for December 27, 2012, is vacated.

SO ORDERED this 21st day of December, 2012.

                                              RAMONA V. MANGLONA
                                              Chief Judge